IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOSHUA U. KHAN,

                Plaintiff,

v.                                                                                    OPINION and ORDER

JOHN DOE(S), JANE DOE(S),                                    25-cv-706-jdp
and ROCK COUNTY JAIL,

                Defendants.

---

    Plaintiff Joshua U. Khan, proceeding without counsel, is currently incarcerated at Redgranite Correctional Institution. Khan alleges that when he was detained at the Rock County Jail, staff there intentionally gave him the wrong medication. Khan has paid the entire $405 filing fee for this lawsuit.

    Because Khan is a prisoner suing government officials, the next step is for me to screen Khan's complaint and dismiss any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915A. In doing so, I must accept his allegations as true and construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).

    I conclude that Khan's allegations are not enough to state a claim for relief. Although his allegations are very brief, he makes clear that jail staff gave him the wrong medication even after he made them aware that they were administering the wrong medication. But to state a claim for a violation of his constitutional rights, Khan needs to show that he was harmed by defendants' actions. *See Lord v. Beahm*, 952 F.3d 902, 905 (7th Cir. 2020). Khan doesn't explain

what medications he required, how many times defendants denied him his proper medications, or whether or how he was harmed by the denial of those medications.

Because Khan hasn't stated a claim for relief, I will dismiss his complaint. But I will give him a chance to file an amended complaint fixing the pleading problems that I discuss in this opinion. If Khan fails to submit an amended complaint by the deadline set below, I will dismiss the entire case and I will direct the clerk to record a "strike" against Khan under 28 U.S.C. § 1915(g). *See Paul v. Marberry*, 658 F.3d 702, 705 (7th Cir. 2011) ("[W]hen . . . the plaintiff is told to amend his . . . complaint and fails to do so, the proper ground of dismissal is not want of prosecution but failure to state a claim, one of the grounds in section 1915(g) for calling a strike against a prisoner plaintiff.").

## ORDER

IT IS ORDERED that:

1. Plaintiff's complaint, Dkt. 1, is DISMISSED.

2. Plaintiff may have until October 24, 2025, to submit an amended complaint.

Entered October 3, 2025.

> BY THE COURT:
>
> /s/
>
> _____
> JAMES D. PETERSON
> District Judge